UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Kenneth W. Colassi

   v.                                    Civil No. 09-cv-312-SM

Oksana Looper, et al.[1]

**REPORT AND RECOMMENDATION**

   Before the Court is Kenneth Colassi's complaint (document no. 1), filed pro se and in forma pauperis. The complaint is before me for preliminary review to determine, among other things, whether it invokes the subject matter jurisdiction of this Court. See United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(1) (authorizing the Magistrate Judge to conduct preliminary review in cases where plaintiff is proceeding in forma pauperis and to recommend dismissal of complaints that fail to state any claim upon which relief might be granted or fail to establish the subject matter jurisdiction of the federal district court).

---

[1]In addition to Oksana Looper, Colassi has named Daniel Looper, the Hillsborough County Superior Court, the New Hampshire Department of Health and Human Services, and the New Hampshire Supreme Court as defendants to this action.

## Standard of Review

Under this Court's local rules, when a person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review.  LR 4.3(d)(1).  In conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94,

"contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

## Background

Kenneth Colassi is the father of seven-year-old Ieva Colassi.  Kenneth and Ieva's mother, Oksana Looper, were divorced in 2006 after a brief marriage.  Oksana has since married Daniel Looper.  In 2008, with the permission of the Hillsborough County Superior Court ("HCSC"), the Loopers moved to Oklahoma, Daniel's home state, taking Ieva with them, over Colassi's strong

objection.  Colassi had asserted, unsuccessfully, that moving Ieva to Oklahoma violated a prenuptial agreement he and Oksana had signed, as well as his parental rights.  Further, Colassi argued that moving Ieva to Oklahoma was not in her best interest as she has possibly been subjected to physical abuse in the Loopers' care.  Colassi further objects to the Loopers being the representative payees of Ieva's social security benefits.

While Colassi's legal claims are not thoroughly set forth, he does assert that his due process and parental rights have been violated by defendants during, and as a result of, the state court custody proceedings.[2]  Colassi specifically asks this Court to overturn the decisions of the New Hampshire courts denying him relief.  Colassi also seeks orders from this Court directing that: (1) Ieva be returned to New Hampshire and to plaintiff's custody; (2) Ieva's social security benefits be protected from the Loopers for Ieva's benefit; (3) abuses by guardians ad litem appointed by the New Hampshire Superior Courts be stopped; (4) a congressional investigation commence into the conduct of the

---

[2]The claims, as identified herein, will be considered to be the claims raised in the complaint for all purposes.  If Colassi objects to the claims as identified, he must do so by properly filing an objection to this Report and Recommendation or by properly moving to amend his complaint.

participants in Colassi's New Hampshire state court cases; (5) a forensic physical examination of Ieva take place to determine whether or not injuries sustained by her while in the Loopers' care were the result of physical abuse; (6) a forensic pathologist be appointed to investigate the impact of the state's actions on plaintiff's son Joshua's medical problems; (7) plaintiff be protected from financial harm he anticipates will be wrought against him by the Internal Revenue Service, the New Hampshire Department of Health and Human Services, and the financial institution Colassi anticipates will seek to foreclose on his home; (8) plaintiff or plaintiff's adult daughter be appointed as representative payee for Ieva's and Joshua's social security benefits[3]; (9) plaintiff and his family be "permanently immunized" from oppression by New Hampshire officials; (10) defendants be required to pay plaintiff damages; and (11) counsel be appointed to represent plaintiff in this matter.

## Discussion

Colassi challenges the findings of a number of New Hampshire state courts. This challenge raises a question of subject matter

---

[3]To the extent that Colassi includes Joshua in his claims for relief, he is challenging previous state court custody and support orders that he does not discuss in detail in the complaint.

jurisdiction that this Court is obligated to consider and resolve sua sponte.  See Hicks, Muse & Co. v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 50 n.4 (1st Cir. 1998) (court may consider whether it possesses subject matter jurisdiction over a case sua sponte).  For the reasons articulated herein, this Court is precluded from exercising jurisdiction over any claim in this action that seeks to overturn a finding of a state court under the Rooker-Feldman doctrine.  See D.C. Ct. App. v. Feldman, 460 U.S. 462, 476 (1983) and Rooker v. Fid. Trust Co., 263 U.S. 413, 416 (1923).

The Rooker-Feldman doctrine precludes a federal district court from reviewing a final judgment of a state court.  See Lance v. Dennis, 546 U.S. 459, 463 (2006) (under Rooker-Feldman doctrine, federal district courts are precluded from exercising appellate jurisdiction over final state-court judgments); Rooker, 263 U.S. at 416.  The Rooker-Feldman doctrine applies only in limited circumstances, to cases where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." Galibois v. Fisher, 174 Fed. Appx. 579, 580 (1st Cir. 2006)

(citing Lance, 546 U.S. at 464-65 and Exxon Mobil Corp. v. Saudi Basic Indus., 544 U.S. 280, 291 (2005)). Rooker-Feldman further forecloses federal court jurisdiction over claims that are inextricably intertwined with the claims adjudicated in a state court proceeding. See Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). "A federal claim is inextricably intertwined with the state court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Sheehan, 207 F.3d at 40 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)); see Miller, 586 F.3d at 59 (Rooker-Feldman bars jurisdiction where parties who lost in state court seek review and rejection of state court judgment on legal grounds not actually litigated in state court).

   Once a state court issues a final judgment, a federal district court lacks jurisdiction to review the decision even if the state court judgment is patently wrong or was entered following patently unconstitutional proceedings. See Feldman, 460 U.S. at 486. Thus, a litigant may not seek to reverse a final state court judgment simply by recasting his complaint in the form of a civil rights action. See Fortune v. Mulherrin, 533

F.2d 21, 22 (1st Cir. 1976); see also Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993).

The proper recourse for a litigant in the state courts who is unhappy with the decisions of those courts is to pursue his appeal through the state appellate process, and then to the United States Supreme Court. See Miller, 586 F.3d at 59 ("Only the Supreme Court of the United States may invalidate state court civil judgments."). In other words, a party is barred from seeking appellate review of a state court decision in the federal district court. See Lance, 546 U.S. at 464; Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994); Miller, 586 F.3d at 59.

In this action, Colassi expressly describes his action as an appeal of New Hampshire state trial and appellate court decisions, and asks this Court to overturn those decisions. I find that Colassi's claims here have either been raised in the state court proceedings, or are inextricably intertwined with the state court proceedings. Specifically, all of Colassi's claims against the state trial and appellate courts allege that those courts improperly or wrongly decided the matters before them, by improperly applying laws, violating Colassi's due process rights or by relying on the wrong evidence or getting the facts wrong.

The claims for relief in this action that do not directly challenge a state court decision are nevertheless inextricably intertwined with those claims.  The issues Colassi raises here relating to the custody of his children, his children's social security benefits, or the conduct of participants in the state judicial system during the state court proceedings relative to this matter, would require this court to invalidate or reverse state court rulings, which is precisely the course of action precluded by Rooker-Feldman.  See Lance, 546 U.S. at 464; Miller, 586 F.3d at 59.  Accordingly, I recommend that the complaint be dismissed in its entirety as it fails to establish the subject matter jurisdiction of this Court.  See LR 4.3(d)(1)(B)(i).

## Conclusion

For the foregoing reasons, I recommend dismissal of this action.  Any objections to this report and recommendation must be filed within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauth. Practice

of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992);

United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                           /s/ James R. Muirhead
                                           James R. Muirhead
                                           United States Magistrate Judge

Date:     December 28, 2009

cc:       Kenneth W. Colassi, pro se


JM:jba